TROY LAW, PLLC
41-25 Kissena Boulevard Suite 103
Flushing, NY 11355
Tel: (718) 762-1324
*Attorney for the Plaintiff, proposed FLSA Collective and
potential Rule 23 Class*

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

-------------------------------------------------------------------x

JIAN ZHONG XUE, and
RAYMOND CHOW,
*on their own behalf and on behalf of others similarly
situated*

Plaintiffs,
v.

JOHN'S SHANGHAI LLC
   d/b/a John's Shanghai; and
YUN XUE
   a/k/a Danny Xue
   a/k/a David Xue

Defendants.

-------------------------------------------------------------------x

**Case No. 21-cv-**

**29 U.S.C. § 216(b)**
**COLLECTIVE ACTION &**
**FED. R. CIV. P. 23 CLASS**
**ACTION**

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiffs JIAN ZHONG XUE, and RAYMOND CHOW (hereinafter referred to as

Plaintiffs), on behalf of themselves and others similarly situated, by and through their attorney,

Troy Law, PLLC, hereby bring this complaint against Defendants JOHN'S SHANGHAI LLC

d/b/a John's Shanghai; and YUN XUE a/k/a Danny Xue a/k/a David Xue allege as follows:

**INTRODUCTION**

1.     This action is brought by the Plaintiffs JIAN ZHONG XUE, and RAYMOND

CHOW, on behalf of themselves as well as other employees similarly situated, against the

Defendants for alleged violations of the Fair Labor Standards Act, (FLSA) 29 U.S.C. § 201 *et*

*seq.* and of the Pennsylvania Minimum Wage Act of 1968, 43 P.S. §§ 333.101, *et seq.*

("PAMWA"); and Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. §§

260.1 *et seq.*, arising from Defendants' various willfully and unlawful employment policies, patterns and practices..

2.      Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and PAMWA and WPCL by engaging in pattern and practice of failing to pay its employees, including Plaintiff, minimum wage for each hour worked and overtime compensation for all hours worked over forty (40) each workweek.

3.      Plaintiffs allege pursuant to the FLSA, that they are entitled to recover from the Defendants: (1) unpaid wages and unpaid overtime wages, (2) lodging costs charged (3) liquidated damages, (4) prejudgment and post-judgement interest; and or (5) attorney's fees and cost.

4.      Plaintiff further alleges pursuant to the Pennsylvania Minimum Wage Act of 1968, 43 P.S. §§ 333.101, *et seq.* ("PAMWA") that he is entitled to recover from the Defendants: (1) unpaid wage compensation, (2) lodging costs charged, (3) unpaid overtime compensation, (4) pre-judgment and post-judgment interest, and (5) attorney's fees and costs.

5.      Plaintiff further alleges pursuant to the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. §§ 260.1 *et seq.* that he was not notified of the following: (1) time and place of payment; (2) rate of pay; and (3) amount of any fringe benefits or wage supplements to be paid to the employee, a third party, or a fund for the benefit of the employee; and that he is entitled to recover from the Defendants: (1) unpaid minimum wage compensation, (2) unpaid overtime wages compensation, (3) liquidated damages in an amount equal to 25% of his lost wages and benefits under the Wage Payment and Collection Law, (4) prejudgment and post-judgment interest; and/or (5) attorneys' fees and costs.

**JURISDICTION AND VENUE**

6.      This Court has original federal question jurisdiction over this controversy under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331, and has supplemental jurisdiction over the the Pennsylvania Minimum Wage Act claims pursuant to 28 U.S.C. § 1367(a).

7.      Venue is proper in the Middle District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in the Middle District of Pennsylvania.

**PLAINTIFFS**

8.      From on or about January 01, 2017 to Present, Plaintiff JIAN ZHONG XUE was employed by Defendants to work as a Chef for Defendants at 312 West Beaver Ave. State College, PA 16801.

9.      From on or about March 04, 2018 to Present, Plaintiff RAYMOND CHOW was employed by Defendants to work as a Waiter, Cook for Defendants at 312 West Beaver Ave. State College, PA 16801.

**DEFENDANTS**

*Corporate Defendants*

10.      Defendant JOHN'S SHANGHAI LLC d/b/a John's Shanghai is a domestic business corporation organized under the laws of the State of New York with a principal address at 312 West Beaver Ave. State College, PA 16801.

11.     JOHN'S SHANGHAI LLC d/b/a John's Shanghai is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000) per year.

12.     JOHN'S SHANGHAI LLC d/b/a John's Shanghai purchased and handled goods moved in interstate commerce.

### Owner/Operator Defendants

13.     YUN XUE a/k/a Danny Xue a/k/a David Xue known as Owner and the Boss to the plaintiff and the owner of JOHN'S SHANGHAI LLC d/b/a John's Shanghai, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at JOHN'S SHANGHAI LLC d/b/a John's Shanghai

14.     YUN XUE a/k/a Danny Xue a/k/a David Xue actually hired the plaintiff

15.     YUN XUE a/k/a Danny Xue a/k/a David Xue actually paid the plaintiff

16.     YUN XUE a/k/a Danny Xue a/k/a David Xue acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, NYLL § 2 and the regulations thereunder, and is jointly and severally liable with JOHN'S SHANGHAI LLC d/b/a John's Shanghai; JOHN'S SHANGHAI USA INC d/b/a John's Shanghai.

### Wage and Hour Claims

17.     Defendants committed the following alleged acts knowingly, intentionally and willfully against the Plaintiff, the FLSA Collective Plaintiffs, and the Class.

18.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff and similarly situated employees at least the federal and state minimum wage for each hour worked.

19.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff and similarly situated employees their lawful overtime compensation of one and one-half times (1.5x) their regular rate of pay for all hours worked over forty (40) in a given workweek.

20.     While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees' overtime.

21.     Defendants failed to keep full and accurate records of Plaintiff's hours and wages.

22.     Upon information and belief, Defendants failed to keep full and accurate records in order to mitigate liability for their wage violations. Defendants never furnished Plaintiff any notice of their use of tip credit.

23.     At all relevant times, Defendants knowingly and willfully failed to provide Plaintiffs JIAN ZHONG XUE and RAYMOND CHOW and similarly situated employees with Time of Hire Notice reflecting (1) time and place of payment; (2) rate of pay; and (3) amount of any fringe benefits or wage supplements to be paid to the employee.

24.     Defendants knew that the nonpayment of overtime pay would financially injure Plaintiff and similarly situated employees and violate state and federal laws.

*Plaintiff JIAN ZHONG XUE*

25.     From on or about January 01, 2017 to May 01, 2020, Plaintiff JIAN ZHONG XUE was employed by Defendants to work as a Chef at 312 West Beaver Ave. State College, PA 16801.

26.     From on or about May 01, 2020 to Present JOHN'S SHANGHAI LLC d/b/a John's Shanghai has been closed for business and Plaintiff JIAN ZHONG XUE has been unemployed.

27.     From on or about January 01, 2017 to May 01, 2020, Plaintiff JIAN ZHONG XUE's regular work schedule ran from 09:00 to 23:00 for fourteen (14) hours per day for seven days per week for ninety-eight (98) hours per week.

28.     At all relevant times, Plaintiff JIAN ZHONG XUE did not have a fixed time for lunch or for dinner.

29.     In fact, Plaintiff JIAN ZHONG XUE had 10 minutes to eat and even then, he was on call, meaning that if customer's order came, his break stopped and he had to make the order for the customer.

30.     From on or about January 01, 2017 to May 01, 2020, Plaintiff JIAN ZHONG XUE was promised a flat compensation at a rate of four thousand five hundred dollars ($4500.00) per month

31.     In actuality from on or about January 01, 2017 to May 01, 2020, Plaintiff JIAN ZHONG XUE was paid a flat compensation at a rate of one thousand eight hundred dollars ($1800.00) per month.

32.     Due to the difference in flat compensation Plaintiff JIAN ZHONG XUE received, Plaintiff JIAN ZHONG XUE is owed $470,112.00 in lost wages for the duration of time that he worked for Defendants.

33.     At all relevant times, Plaintiff JIAN ZHONG XUE was not paid overtime pay for overtime work.

34.     At all relevant times, Plaintiff JIAN ZHONG XUE was never informed of his hourly pay rate or any tip deductions toward the minimum wage.

35.     Further, at all relevant times, Plaintiff JIAN ZHONG XUE had to make dim sum.

36.     Throughout his employment, Plaintiff JIAN ZHONG XUE was not given a statement with his weekly payment reflecting employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day in Chinese, Plaintiff's native language.

37.     Throughout his employment, Plaintiff JIAN ZHONG XUE was not compensated at least at one-and-one-half his promised hourly wage for all hours worked above forty (40) in each workweek.

38.     Throughout Plaintiffs employment, Defendants retained around Thee Hundred and Fifty ($350) dollars per month from JIAN ZHONG XUE's pay to pay for the lodging that Defendants provided.

*Plaintiff RAYMOND CHOW*

39. From on or about March 04, 2018 to February 01, 2020, Plaintiff RAYMOND CHOW was employed by Defendants to work as a Waiter at 312 West Beaver Ave. State College, PA 16801.

40. From on or about February 02, 2020 to March 01, 2020, Plaintiff RAYMOND CHOW was employed by Defendants to work as a cook at 312 West Beaver Ave. State College, PA 16801.

41. From on or about May 01, 2020 to Present JOHN'S SHANGHAI LLC d/b/a John's Shanghai has been closed for business and Plaintiff REYMOND CHOW has been unemployed.

42. From on or about March 04, 2018 to Present, Plaintiff RAYMOND CHOW's regular work schedule ran from 11:00 to 23:00 for eleven (11) hours per day for seven days per week for eighty-four (84) hours per week. for a total of eighty-four (84) hours each week.

43. At all relevant times, Plaintiff RAYMOND CHOW did not have a fixed time for lunch or for dinner.

44. In fact, Plaintiff RAYMOND CHOW had 10 minutes to eat and even then he was on call, meaning that if customer's order came, his break stopped and he had to attend to the customer.

45. From on or about Mach 04, 2018 to May 01, 2020, Plaintiff RAYMOND CHOW was promised a flat compensation rate of three thousand five hundred dollars ($3500.00) per month.

46. At all relevant times, Plaintiff RAYMOND CHOW was not paid overtime pay for overtime work.

47.     However, Plaintiff RAYMOND CHOW was not even paid for his promised rate for 28 months of time that he worked for Defendants, that amounted to $98,000 in lost wages.

48.     At all relevant times, Plaintiff RAYMOND CHOW was never informed of his hourly pay rate or any tip deductions toward the minimum wage.

49.     Throughout his employment, Plaintiff RAYMOND CHOW was not given a statement with his weekly payment reflecting employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day in Chinese, Plaintiff's native language.

50.     Throughout his employment, Plaintiff RAYMOND CHOW was not compensated at least at one-and-one-half his promised hourly wage for all hours worked above forty (40) in each workweek.

51.     Throughout Plaintiffs employment, Defendants retained around three hundred and fifty ($350) dollars per month from RAYMOND CHOW's pay to pay for the lodging that Defendants provided.

## COLLECTIVE ACTION ALLEGATIONS

52.     Plaintiffs bring this action individually and as class representative individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom were not compensated at their promised hourly rate for all hours worked and at one and one half times their promised work for all hours worked in excess of forty (40) hours per week (the "Collective Action Members").

## CLASS ACTION ALLEGATIONS

53.     Plaintiff brings his Pennsylvania Minimum Wage Act of 1968 ("PAMWA") claims pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P.") Rule 23, on behalf of all non-exempt personnel employed by Defendants on or after the date that is two years before the filing of the Complaint in this case as defined herein (the "Class Period").

54.     All said persons, including Plaintiffs, are referred to herein as the "Class."

55.     The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said Fed. R. Civ. P. 23.

### *Numerosity*

56.     The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) members of the class.

### *Commonality*

57.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a.      Whether Defendant employed Plaintiff and the Class within the meaning of the PAMWA;

b.      Whether Plaintiff and Class members are promised and not paid at their promised hourly wage under the PAMWA;

c.      Whether Plaintiff and Class members are entitled to and paid overtime at their promised hourly wage under the PAMWA;

d.      Whether Defendants maintained a policy, pattern and/or practice of failing to provide requisite statutory meal periods;

e.      Whether Defendants provided a Time of Hire Notice detailing rates of pay and payday at the start of Plaintiffs and the Rule 23 Class's start of employment and/or timely thereafter.

f.      Whether Defendants provided paystubs detailing the rates of pay and credits taken towards the minimum wage to Plaintiffs and the Rule 23 class on each payday; and

g.      At what common rate, or rates subject to common method of calculation was and is Defendants required to pay the Class members for their work.

*Typicality*

58.      Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage or overtime compensation. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefitted from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

*Adequacy*

59.     Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in representing Plaintiffs in both class action and wage-and-hour employment litigation cases.

*Superiority*

60.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage-and-hour litigation where individual Class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common,

class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion

methods to efficiently manage this action as a class action.

61.     Upon information and belief, Defendants and other employers throughout the

state violate the PAMWA. Current employees are often afraid to assert their rights out of fear

of direct or indirect retaliation. Former employees are fearful of bringing claims because

doing so can harm their employment, future employment, and future efforts to secure

employment. Class actions provide class members who are not named in the complaint a

degree of anonymity which allows for the vindication of their rights while eliminating or

reducing these risks.

<h2 style="text-align:center">STATEMENT OF CLAIMS</h2>

<h3 style="text-align:center">COUNT I.</h3>

**[Violations of the Fair Labor Standards Act—Failure to Pay Unpaid Wages
Brought on behalf of the Plaintiffs and the FLSA Collective]**

62.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as

though fully set forth herein.

63.     At all relevant times, Defendants had a policy and practice of refusing to pay

Plaintiffs in full, and the similarly situated collective action members, for some or all of the

hours they worked.

64.     The FLSA provides that any employer who violates the provisions of 29 U.S.C.

§ 206 shall be liable to the employees affected in the amount of their unpaid wage, and in an

additional equal amount as liquidated damages.

65.     Defendants knowingly, willfully, and maliciously disregarded the provisions of

the FLSA as evidenced by failing to compensate Plaintiffs and Collective Class Members at the

statutory minimum wage when they knew or should have known such was due and that failing

to do so would financially injure Plaintiff and Collective Action members.

## COUNT II.
### [Violation of Pennsylvania Minimum Wage Act
### Brought on behalf of Plaintiff and Rule 23 Class]

66.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

67.     At all relevant times, Plaintiff was employed by Defendants within the meaning of PAMWA§§3(d).

68.     At all relevant times, Defendants were obligated to comply with the PAMWA's requirements, and Plaintiff and the Class members were covered employees entitled to PAMWA's protections.

69.     At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff and the class action members, for some or all of the hours they worked.

70.     Defendants knowingly and willfully violated Plaintiff, and similarly situated Class Members' rights by failing to pay them minimum wages in the lawful amount for hours worked.

71.     PAMWA § 13 expressly allows private plaintiffs to bring civil actions to enforce an employers' failure to comply with the Pennsylvania Minimum Wage Act's requirements.

72.     PAMWA § 13 expressly provides that an agreement between the employer and employee to work for less than the required minimum wage is not a defense to an action seeking to recover unpaid minimum wages.

73.     As a direct and proximate result of Defendants' willful and unlawful violations of the PAMWA, Plaintiff and the members of the Rule 23 Class are entitled to recover their

unpaid wages, reasonable attorneys' fees and costs of the action, liquidated damages, and pre-judgment and post-judgment interest.

## COUNT III.
### [Violations of the Fair Labor Standards Act—Failure to Pay Overtime Brought on behalf of the Plaintiff and the FLSA Collective]

74.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

75.     The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he is employed, or one and one-half times the minimum wage, whichever is greater. 29 U.S.C. § 207(a).

76.     The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC § 216(b).

77.     Defendants' failure to pay Plaintiffs and the FLSA Collective their overtime pay violated the FLSA.

78.     At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiffs and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

79.     The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. § 516.4.

80.     Defendants willfully and maliciously failed to notify Plaintiffs and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff' and FLSA Collectives' labor.

81.     Defendants knowingly, willfully, and maliciously disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and Collective Class Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiffs and Collective Action members.

## COUNT IV.
### [Violation of New York Labor Law—Failure to Pay Overtime
### Brought on behalf of Plaintiff and Rule 23 Class]

82.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

83.     Under the PAMWA Article 43, §§333.105(a)-(c), *et seq*, and the supporting Pennsylvania Department of Labor Regulations & industry regulations, defendants are required to pay Plaintiff and Rule 23 Class members one and one half (1.5) times the regular rate of pay for all hours they worked in excess of forty (40) hours in a workweek.

84.     Defendants have failed to pay Plaintiff and Rule 23 Class members the overtime to which they are entitled under the PAMWA.

85.     Defendants have willfully violated the PAMWA by knowingly and intentionally failing to pay Plaintiff and the Rule 23 Class Members overtime wages.

86.     Due to Defendants' willful violations of the PAMWA, Plaintiff and the Rule 23 Class Members were entitled to recover their unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages and pre-judgment and post-judgment interest. Defendants' failure to pay Plaintiff were not in good faith.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves, and on the behalf of the FLSA

Collective Plaintiffs and Rule 23 Class, respectfully request that this Court enter a judgment

providing the following relief:

a)      Authorizing Plaintiffs at the earliest possible time to give notice of this

collective action, or that the Court issue such notice, to all persons who are presently, or have

up through the extent allowable under the statute of limitations and including the date of

issuance of court-supervised notice, been employed by Defendants as non-exempt employees.

Such notice shall inform them that the civil notice has been filed, of the nature of the action,

of his right to join this lawsuit if they believe they were denied premium overtime wages;

b)      Certification of this case as a collective action pursuant to FLSA;

c)      Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated

members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting

them to assert timely FLSA claims and state claims in this action by filing individual Consent

to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and their counsel to

represent the Collective Action Members;

d)      A declaratory judgment that the practices complained of herein are unlawful

under FLSA and PAMWA;

e)      An injunction against Corporate Defendants, its officers, agents, successors,

employees, representatives and any and all persons acting in concert with them as provided by

law, from engaging in each of unlawful practices and policies set forth herein;

f)      An award of unpaid minimum wage and overtime wages due under FLSA and

PAMWA due Plaintiff and the Collective Action members plus compensatory and liquidated

damages in the amount of twenty five percent (25%) under PA Wage Payment and Collection Law.

g)      An award of liquidated and/or punitive damages as a result of Defendants' knowing, willful, and malicious failure to pay wages at least the hourly minimum wage, overtime compensation pursuant to 29 U.S.C. §216;

h)      An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and PA S.B. 73;

i)      An award of lost wages and liquidated damages equal to lost wages as a result of Plaintiffs' unlawful termination, compensatory damages, 6% simple prejudgment interest provided by WPCL, post-judgment interest, and attorney fees and costs;

j)      The cost and disbursements of this action;

k)      An award of prejudgment and post-judgment fees;

l)      Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## <u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Rule 38(b) and 38(c) of the Federal Rules of Civil Procedures, Plaintiffs demand a trial by jury on all questions of facts.

Flushing, New York
Dated: July 8, 2021

TROY LAW, PLLC
*Attorneys for the Plaintiffs, proposed FLSA*
*Collective and potential Rule 23 Class*

/s/ C. D. Thomas
C. D. Thomas
PA Bar: 54696
41-25 Kissena Boulevard, Suite 103
Flushing, NY 11355
Tel: (718) 762-1324
troylaw@troypllc.com