IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JIAN ZHONG XUE, *et al.*, | No. 4:21-CV-01203 |
| Plaintiffs, | (Chief Judge Brann) |
| v. | |
| JOHN'S SHANGHAI, LLC *d/b/a John's Shanghai*, *et al.*, | |
| Defendants. | |

MEMORANDUM OPINION

AUGUST 1, 2023

Jian Zhong Xue and Raymond Chow formerly worked at John's Shanghai, a restaurant in State College, Pennsylvania that served Chinese cuisine. Plaintiffs filed this action raising several wage-related claims on behalf of themselves and a putative class of employees of John's Shanghai, LLC. Despite a lengthy discovery period—which only recently concluded—Plaintiffs produced no evidence to support any class allegations, nor have they timely moved for class certification. Accordingly, the Court will grant partial summary judgment in Defendants' favor and will dismiss all class allegations.

I.  BACKGROUND

In 2021, Plaintiffs filed a complaint against Defendants, alleging violations of the Fair Labor Standards Act ("FLSA"), the Pennsylvania Minimum Wage Act, and the New York Labor Law related to Defendants' alleged failure to pay prevailing

minimum wages and overtime wages.[1] Defendants filed an answer[2] to the complaint, and the matter proceeded through a contentious discovery period that eventually concluded in May 2023.[3] The deadline for Plaintiffs to file a motion for class certification lapsed on June 2, 2023, without Plaintiffs having filed such a motion.[4]

Defendants have now filed a motion for partial summary judgment.[5] Defendants argue that Plaintiffs have stated that they do not intend to represent any other individuals, and they have presented no evidence that they could adequately represent the interests of any putative class.[6] Plaintiffs have not filed a response to the motion, and the time to do so has now lapsed, rendering this matter ripe for disposition. For the following reasons, the motion for partial summary judgment will be granted.

---

[1] Doc. 1.
[2] Doc. 16.
[3] Also pending before the Court is Plaintiffs' motion to compel Defendants to provide certain discovery, namely: (1) a deposition of Defendant Yun Xue; (2) an attestation of the efforts that Yun Xue undertook to located relevant discovery; and (3) any remaining relevant discovery, such as pay stubs. Docs. 49, 50. However, in their brief in opposition to that motion, Defendants note that Yun Xue has been deposed, and Defendants provided a declaration from Yun Xue attesting to the steps he has taken to locate the documents requested by Plaintiffs—Yun Xue states in his declaration that none of the remaining requested documents are in his possession, nor has he been able to locate any such evidence despite his efforts. Docs. 54, 54-1. Because it appears to the Court that Defendants have satisfied their discovery obligations and provided all that they are able to provide, Plaintiffs' motion to compel will be denied, as will their request for sanctions.
[4] *See* Doc. 55.
[5] Doc. 56.
[6] Doc. 58 at 3-9.

## II.   DISCUSSION

### A.   Standard of Review

Under Federal Rule of Civil Procedure 56, summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[7] Material facts are those "that could alter the outcome" of the litigation, "and disputes are 'genuine' if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct."[8] A defendant "meets this standard when there is an absence of evidence that rationally supports the plaintiff's case."[9] Conversely, to survive summary judgment, a plaintiff must "point to admissible evidence that would be sufficient to show all elements of a prima facie case under applicable substantive law."[10]

In assessing "whether there is evidence upon which a jury can properly proceed to find a verdict for the [nonmoving] party,"[11] the Court "must view the facts and evidence presented on the motion in the light most favorable to the nonmoving party."[12] Moreover, "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule

---

[7]  Fed. R. Civ. P. 56(a).
[8]  *EBC, Inc. v. Clark Bldg. Sys., Inc.*, 618 F.3d 253, 262 (3d Cir. 2010).
[9]  *Clark v. Mod. Grp. Ltd.*, 9 F.3d 321, 326 (3d Cir. 1993).
[10] *Id.*
[11] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986) (quoting *Schuylkill & Dauphin Imp. Co. v. Munson*, 81 U.S. 442, 448 (1871)).
[12] *Razak v. Uber Techs., Inc.*, 951 F.3d 137, 144 (3d Cir. 2020).

56(c)," the Court may "consider the fact undisputed for purposes of the motion."[13] Finally, although "the court need consider only the cited materials, . . . it may consider other materials in the record."[14]

### B. Undisputed Facts[15]

In response to interrogatories submitted during discovery, Plaintiffs identified each other—Jian Zhong Xue and Raymond Chow—as the only other individuals who are similarly situated to Plaintiffs with respect to the claims raised in the complaint.[16] During depositions, Jian Zhong Xue asserted that he would "only represent [himself]" and "do[es] not represent anybody else."[17] Similarly, Raymond Chow stated in his deposition that he was not seeking relief on behalf of anyone else, and he is "just into [his] own case."[18]

### C. Analysis

Defendants assert that Plaintiffs cannot establish the requirements for class certification, and any class allegations therefore fail as a matter of law.[19] Because

---

[13] Fed. R. Civ. P. 56(e)(2); *see also Weitzner v. Sanofi Pasteur Inc.*, 909 F.3d 604, 613-14 (3d Cir. 2018).
[14] Fed. R. Civ. P. 56(c)(3).
[15] This Court's Local Rule 56.1 requires that moving parties provide a statement of facts that includes citations to the record. That Rule further provides that "[a]ll material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party." M.D. Pa. L.R. 56.1. Defendants have complied with their obligation to file a statement of material facts, but Plaintiffs have not filed a responsive statement of facts. Consequently, all facts contained in Defendants' statement of material facts are deemed admitted for purposes of this motion.
[16] Doc. 57 ¶¶ 9-10.
[17] *Id.* ¶ 13.
[18] *Id.* ¶ 14.
[19] Doc. 58.

certain of Plaintiffs' claims arise under the FLSA, for purposes of this motion the Court will evaluate all class allegations under the more lenient FLSA standard.

The FLSA permits an action to be brought "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."[20] In an FLSA case brought on behalf of a putative class, district courts typically evaluate the propriety of certification at two junctures, utilizing a "two-step certification process."[21] "The first step, so-called conditional certification, requires a named plaintiff to make a modest factual showing—something beyond mere speculation—to demonstrate a factual nexus between the manner in which the employer's alleged policy affected him or her and the manner in which it affected the proposed collective action members."[22] This language makes clear that, at the first step, "courts do not review the underlying merits of the action."[23] As courts have emphasized, "[t]he burden in this preliminary certification is light because the risk of error is insignificant: should further discovery reveal that the named positions, or corresponding claims, are not substantially similar the defendants will challenge the certification and the court will have the opportunity to deny final certification."[24]

---

[20] 29 U.S.C. § 216(b).
[21] *Halle v. W. Penn Allegheny Health Sys. Inc.*, 842 F.3d 215, 224 (3d Cir. 2016).
[22] *Id.* (internal quotation marks omitted).
[23] *Sloane v. Gulf Interstate Field Servs., Inc.*, No. 4:16-CV-01571, 2017 WL 1105236, at *6 (M.D. Pa. Mar. 24, 2017).
[24] *Chung v. Wyndham Vacation Resorts, Inc.*, No. 3:14·CV·00490, 2014 WL 4437638, at *2 (M.D. Pa. Sept. 9, 2014) (internal quotation marks omitted).

Even under the lenient conditional class certification standards, the Court finds, as a matter of law, that Plaintiffs cannot sustain their class allegations. There is absolutely no evidence in the record—a record that was developed during nearly eighteen months of discovery—that there is a factual nexus between the manner in which Defendants' policies allegedly harmed Plaintiffs and the way in which Defendants' policies affected the putative class members. Nor do Plaintiffs even attempt to argue that such a nexus exists. Plaintiffs have not identified any other individuals who are similarly impacted, and Plaintiffs readily admit that they do not represent the interests of anyone else in this litigation.[25] Given the lack of any nexus that is required for even conditional class certification, the Court finds as a matter of law that Plaintiffs cannot sustain a class action, and any class action allegations will be dismissed from the complaint.

### III.   CONCLUSION

For the foregoing reasons, the Court will grant Defendants' motion for partial summary judgment and dismiss any class allegations from the complaint.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[25] Doc. 57 ¶¶ 13-14.